CAMERON & HAWN, Respondent, *v*. JOSEPH A. LA PORTE, Defendant. Impleaded with PAUL K. VOELXEN, Appellant.

Third Department, May 5, 1926.

Partnership — action to recover balance due on goods sold — partnership was dissolved prior to action and note of one partner was given to secure balance — evidence does not show that plaintiffs knew of dissolution or accepted obligation of one partner for partnership obligation — acceptance of renewal notes not extension of time of payment relieving other partner of liability as surety within meaning of Partnership Law, § 67.

In an action against members of a former partnership to recover the balance due for goods sold to the partnership, the defense interposed by the appellant that after the dissolution of the partnership the appellant stood as surety only for payment of the amount and that the plaintiffs, with knowledge of the dissolution and the fact that the other partner took over the business and assumed the partnership obligations, extended the time of payment of the partnership indebtedness so that the appellant was relieved from any obligation as provided by section 67 of the Partnership Law, is not sustained by the evidence, since

while the plaintiff accepted a note by the other partner to cover the balance due and renewed the note from time to time when payments were made, the plaintiffs did not know of the dissolution of the partnership and at no time changed the account or extended the time of payment, and did not accept the note and renewal notes of the other partner in settlement of the obligation.

APPEAL by the defendant, Paul K. Voelxen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 17th day of April, 1925, upon the decision of the court rendered after a trial at the Albany Trial Term before the court, a jury having been waived.

*Hazel M. Cole,* for the appellant.

*Newton B. Van Derzee,* for the respondent.

VAN KIRK, J. A recovery has been had by plaintiff for the balance due on an account for lumber and building materials sold by plaintiff, a corporation, to defendants, copartners, between May 17 and November 5, 1920. On the latter date the partnership was dissolved, owing plaintiff $7,078.91, in which, however, was included a claim against Voelxen personally in the sum of $1,214.10. Four thousand dollars was paid on the account and defendant La Porte gave his note for $3,000. Thereafter the account consisted solely of entries of renewal notes given by La Porte and payments made thereon. In 1923 plaintiff held three of such notes, aggregating $1,702; though they were not paid, plaintiff returned them to La Porte and brought this action to recover the balance of the account, which was also the amount due on the returned notes. Defendant Voelxen alone appeals.

It is not disputed that the lumber and materials were furnished to and used by the partnership, nor that the amount sought to be recovered is the amount unpaid therefor. The defense is that, after the dissolution, the appellant stood as surety only for payment of the account; that plaintiff knew of the dissolution and the fact that La Porte took over the business and assumed the partnership obligations; that thereafter it extended the time of payment of the partnership indebtedness and thereby Voelxen was discharged from liability therefor.

The Partnership Law (§ 67) states the law applicable here. It provides: " 1. The dissolution of the partnership does not of itself discharge the existing liability of any partner. 2. A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of

dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business. 3. Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations." This last subdivision 3 of section 67 covers appellant's contention; it is but a codification of the law as established prior to the act and accords with the decisions that, when a partnership has been dissolved and the assets have been taken over by another party, who assumed the liabilities of the firm, and notice of these facts has been given to the creditor, the retiring partner stands as surety for the partnership indebtedness and will be relieved of such liability in case the time of payment is extended without notice to the retiring partner and his consent. (*Reed & Barton* v. *Ashe*, 18 App. Div. 501, 503.) The court refused to find at appellant's request that plaintiff accepted the individual notes of La Porte in renewal and extension of the due date of the partnership indebtedness. Also it refused to find that plaintiff, by the acceptance of the individual notes of La Porte, intended to accept the individual liability of La Porte in place of the partnership liability and thereby intended to release appellant from such liability. Mr. Cameron testified that there was no change; that he continued the partnership accounts as before. The strongest evidence offered by the appellant in contradiction is in the form of statements of account made by plaintiff. A statement of the account as it stood November 5, 1920, is on the billhead of Cameron & Hawn and the items are represented as " Sold to La Porte & Voelxen." Then follow three separate statements, one July 22, 1921, one October 1, 1921, and one February 6, 1922, on billheads in the same form and representing the items as " Sold to J. A. La Porte." Under date of February 8, 1922, is a letter on plaintiff's letterhead addressed to Joseph A. La Porte, recognizing that an error was made as to notes formerly given and making a correction. It is claimed that these show plainly that there was a change in the account on November 5, 1920, and that thereafter Mr. Cameron, who managed the business affairs of plaintiff, recognized La Porte as the sole debtor. The plaintiff answers this with testimony that the copartners never had a bank account; that La Porte had always attended to all the partnership financial affairs; that Voelxen had so informed Mr. Cameron; that all checks had been signed by La Porte and all notes given by Mr. La Porte, and that these notes and checks were received by plaintiff as partnership transactions and were

entered in the partnership account; that plaintiff never knew of the alleged agreement between the partners or any change of relation between it and the partnership. Cameron testifies that the note given November 5, 1920, and the renewal notes were not accepted in payment of the indebtedness; that he was not informed of a dissolution of the partnership until 1923; that this appellant never made any transfer of his interest in the partnership property to La Porte; nor does the record show such transfer. A deed to a Mechanicville bank, made by Paul K. Voelxen and wife, was dated December 6, 1920, but not recorded until January 17, 1922. This deed conveyed lots 109, 108, 110 and 18 at New Scotland Heights and No. 30 Ramsey Court. These are the properties on which the building materials were used. This bank, by deed dated June 5, 1922, and recorded August 2, 1922, conveyed lot 18 to Joseph A. La Porte; and in February, 1923, conveyed the four remaining lots to Marie K. La Porte, wife of Joseph. Cameron testified that it had been agreed between La Porte and appellant and himself that these lots on which the houses had been built, for which plaintiff had furnished the lumber and supplies, would not be sold until the partnership indebtedness to plaintiff had been paid; that not until 1923 did he learn that these lots had been conveyed to a bank in Mechanicville and thereafter by the bank to Marie K. La Porte.

The trial judge saw the witnesses. He was informed of the business relations between the several parties. During the short period when defendants were buying materials from plaintiff and building houses each defendant on his own account was engaged in other business transactions, of which plaintiff knew. The trial judge was also informed of dealings between Voelxen and Hawn in which neither plaintiff nor La Porte was interested; he was unwilling to accept the testimony of Mr. Hawn, who may have had a special interest in procuring the release of Voelxen from liability for the partnership debts. We find nothing in this record indicating why the plaintiff should have been willing to release Voelxen and accept La Porte alone as its debtor; it received no advantage in consideration of releasing him. The claim against appellant is just; part of it was his personal indebtedness included in the partnership account on November 5, 1920. In our view the evidence justified the court in rendering judgment against Voelxen.

An error was made in computing the amount due. On February 6, 1922, there was due $1,702. This sum with interest amounted to $2,000.43 on January 8, 1925, when judgment was rendered. The judgment including costs, $147.75, should be for the sum

of $2,148.18. The findings and judgment should be corrected accordingly and as corrected affirmed, without costs.

We disapprove of findings 3 and 4 made at appellant's request. We find that plaintiff at no time knew of a dissolution of the partnership between defendants.

All concur.

Judgment modified by fixing the amount of recovery at two thousand dollars and forty-eight [sic] cents on January 8, 1925, and with costs amounting to two thousand one hundred and forty-eight dollars and eighteen cents, and as modified unanimously affirmed, without costs.

The court disapproves of findings of fact three and four, made at defendant's request; and finds that plaintiff at no time knew of a dissolution of the partnership between the defendants.